United States District Court
for the
Southern District of Florida

| Moshe Aknin, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 17-22341-Civ-Scola |
| Experian Information Solutions, Inc. | ) | |
| and Bright Star Credit Union, | ) | |
| Defendants. | ) | |

### Order on Motion to Dismiss

Plaintiff Moshe Aknin brings this action against Defendants Experian Information Solutions, Inc. ("Experian") and Bright Star Credit Union ("Bright Star") for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x (2006) ("FCRA"). This matter is before the Court on Defendant Bright Star's Motion to Dismiss (ECF No. 12). For the reasons set forth below, the Court **denies** the motion to dismiss (**ECF No. 12**).

#### 1. Background

Aknin alleges that Defendant Experian issued credit reports that included inaccurate information about Aknin's credit history. (Compl. ¶ 10, ECF No. 1.) On or about April 6, 2017, Aknin notified Experian that a particular account had been paid and should reflect a zero balance. (*Id.* ¶ 12.) Aknin alleges that upon receiving notice of the disputed account from Experian, Defendant Bright Star failed to conduct a reasonable investigation of the dispute, and continued to report false information about the account. (*Id.* ¶ 13.) In addition, Aknin alleges that Experian did not consider any of the information submitted by Aknin, and did not attempt to verify that the information concerning the disputed account was accurate. (*Id.* ¶ 14.) The Complaint asserts willful and negligent violations of the FCRA as to Experian, and willful and negligent violations of the FCRA as to Bright Star.

#### 2. Legal Standard

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). For purposes of Rule 12(b)(6), a court generally may not look beyond the pleadings, which includes any information attached to a complaint. *U.S. ex. Rel. Osheroff v. Humana, Inc.,* 776 F.3d 805, 811 (11th Cir. 2015) (internal citations omitted).

### 3. Analysis

Bright Star has moved to dismiss the Complaint as a "shotgun" pleading because each count of the Complaint incorporates by reference all previous paragraphs of the Complaint. (Mot. to Dismiss at 2-4.) As a threshold matter, the Court notes that this argument is properly raised in a motion to require the plaintiff to file a more definite statement under Rule 12(e), not a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Anderson v. District Bd. of Trustees of Cent. Florida Community College,* 77 F.3d 364, 366 (11th Cir. 1996).

All of the cases cited by Bright Star that dismissed "shotgun" pleadings involved complaints that were dozens of pages long and asserted several counts against several defendants. *See, e.g., Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001) (remanding with direction to district court to require an amended complaint because the complaint was fifty-eight pages long, named fourteen defendants, and charged all defendants in each count); *Anderson,* 77 F.3d at 365-66 (characterizing complaint that included twenty-four paragraphs containing factual allegations, six counts, and eleven defendants as "a perfect example of a 'shotgun' pleading" because it was "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."); *Bonnie L. ex rel. Hadsock v. Bush,* 180 F.Supp.2d 1321, 1348 (S.D. Fla. 2001) (Moreno, J.) (requiring amended complaint because original complaint was 116

pages long and contained "a narrative account of the history of each Plaintiff that reads like a closing argument"). None of these courts dismissed a pleading simply because it incorporated by reference each of the preceding paragraphs; rather, the pleadings were dismissed because it was impossible to determine which allegations pertained to each defendant and each counts. *See, e.g.*, *Magluta*, 256 F.3d at 1284 (noting that "any allegations that are material are buried beneath innumerable pages of rambling irrelevancies"); *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) (noting that the district court should have required the plaintiffs to amend their complaints because "the complaints in this case are practically incomprehensible."). The Eleventh Circuit has specifically noted that "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

By contrast, here the Complaint includes five paragraphs containing factual allegations, two Defendants, and two counts against each Defendant. Contrary to *Anderson*, it is clear which of the five general factual allegations pertain to each Defendant. Indeed, Bright Star was able to identify in its reply the sole factual allegation that pertains to it. (Reply at 2, ECF No. 15.) Although Aknin has incorporated by reference all paragraphs of the Complaint into each count, including paragraphs that obviously do not apply to each count, the potential for confusion that existed in the cases cited by Bright Star does not exist here.

In Bright Star's Reply, it argued for the first time that the Complaint fails to state a claim on which relief can be granted and is so vague that Bright Star is unable to investigate the allegations, based on deficiencies other than the fact that each count in the Complaint incorporates all previous paragraphs. (Reply at 3.) However, Bright Star did not make these arguments or identify these deficiencies in its Motion to Dismiss. Therefore, Bright Star has waived the arguments and the Court will not consider them. *See Spann v. Cobb Cnty. Pretrial Court Serv's Agency*, 206 Fed. Appx. 910, 911 fn.1 (11th Cir. 2006) (stating that appellant had waived argument by failing to raise it in her initial brief) (citing *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999)).

Notwithstanding the foregoing analysis, both Bright Star and Aknin have identified a scrivener's error in the Complaint. Count Four of the Complaint is titled "Negligent Violation of the FCRA as to CBA." (Compl. at 9.) Aknin has noted that the title of Count Four should have referred to Bright Star. (Resp. in Opp. at 4, ECF No. 13.) Therefore, the Court grants Bright Star leave to amend the Complaint in order to correct this error. The Court encourages Bright Star

to also amend the paragraphs incorporating by reference all previous paragraphs, since it is obvious that not all paragraphs in the Complaint are applicable to each count.

**4. Conclusion**

Accordingly, the Court **denies** Bright Star's Motion to Dismiss (**ECF No. 12**). The Court grants Bright Star leave to amend the scrivener's error and the paragraphs in the Complaint that incorporate by reference all previous paragraphs. Bright Star must file the amended complaint on or before **October 10, 2017**. Pursuant to Federal Rule of Civil Procedure 15(a)(3), the Defendants' responses are due within fourteen days of service of the amended complaint.

**Done and ordered** at Miami, Florida on October 3, 2017.

_____
Robert N. Scola, Jr.
United States District Judge