United States District Court
for the
Southern District of Florida

| Moshe Aknin, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 17-22341-Civ-Scola |
| Experian Information Solutions, Inc. | ) | |
| and Bright Star Credit Union, | ) | |
| Defendants. | ) | |

**<u>Order on Motion to Dismiss Amended Complaint</u>**

Plaintiff Moshe Aknin brings this action against Defendants Experian Information Solutions, Inc. ("Experian") and Bright Star Credit Union ("Bright Star") for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x (2006) ("FCRA"). This matter is before the Court on Defendant Bright Star's Motion to Dismiss Amended Complaint (ECF No. 23). For the reasons set forth below, the Court **grants** the motion to dismiss (**ECF No. 23**).

**1. Background**

The First Amended Complaint alleges that Defendant Experian issued credit reports that included inaccurate information about Aknin's credit history. (Am. Compl. ¶ 11, ECF No. 22.) On or about April 6, 2017, Aknin notified Experian that a particular account had been paid and should reflect a zero balance. (*Id.* ¶ 12.) Aknin alleges that upon receiving notice of the disputed account from Experian, Defendant Bright Star failed to conduct a reasonable investigation of the dispute, and continued to report false information about the account. (*Id.* ¶ 13.) In addition, Aknin alleges that Experian did not consider any of the information submitted by Aknin concerning the dispute, and did not attempt to verify that the information concerning the disputed account was accurate. (*Id.* ¶ 14.) The Complaint asserts willful and negligent violations of the FCRA as to both Experian and Bright Star.

Bright Star moved to dismiss Aknin's original Complaint, arguing that it was a shotgun pleading. (Mot. to Dismiss, ECF No. 12). The Court denied the motion, but gave Aknin leave to amend a scrivener's error identified by the parties in their briefing on the motion to dismiss. (Order 3-4, ECF No. 21.) Aknin subsequently filed the First Amended Complaint, which Bright Star has moved to dismiss for failure to state a claim.

## 2. Legal Standard

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). For purposes of Rule 12(b)(6), a court generally may not look beyond the pleadings, which includes any information attached to a complaint. *U.S. ex. Rel. Osheroff v. Humana, Inc.,* 776 F.3d 805, 811 (11th Cir. 2015) (internal citations omitted).

## 3. Analysis

Bright Star first argues that Aknin has failed to state a claim under the FCRA because both of the counts against Bright Star fail to "cite any specific statute that Bright Star allegedly violated." (Mot. 2.) However, both Counts Three and Four of the First Amended Complaint allege that Bright Star violated the FCRA's requirements that those who furnish information to consumer reporting agencies: (1) participate in re-investigations when consumers dispute the accuracy of the information in their credit report; (2) conduct timely investigations of disputed information upon notification by a consumer reporting agency that a consumer disputes the information; and (3) report the results of the investigation to the consumer reporting agency and, if the investigation revealed that the information was indeed inaccurate, to any other agencies that were supplied with the inaccurate information. (Am. Compl. ¶¶ 30-33, 39-42.) In addition, Count Three specifically cites to 15 U.S.C. § 1681s. (*Id.* ¶ 34.) Bright Star argues that this citation is incorrect, since that provision

applies to administrative enforcement by the Federal Trade Commission. (Mot. 3.) While this is true, 15 U.S.C. § 1681s-2 sets forth the exact requirements described above. Bright Star cannot reasonably argue that, due to the omission of the "-2" from the statutory citation, it has not been provided notice of the statutory requirements that it is alleged to have violated since the First identifies the FCRA as the statute under which the suit is being brought, and Counts Three and Four recite almost verbatim the provisions of the FCRA that Bright Star is alleged to have violated.

Bright Star next argues that Counts Three and Four seek damages pursuant to 15 U.S.C. § 1601(n), a provision of the FCRA that does not exist. Bright Star is technically correct since 15 U.S.C. § 1601n is the provision of the FCRA that sets forth the available damages. However, the Court seriously doubts that the erroneous addition of parentheses to the statutory citation actually "left [Bright Star] to guess what, exactly Plaintiff seeks and whether there is any basis for it," particularly since the Plaintiff included the correct citation in the prayer for relief.

Finally, Bright Star argues that the First Amended Complaint fails to state a claim because it does no more than make conclusory allegations about Bright Star's alleged violations of the FCRA. (Mot. 3-4.) The FCRA requires that a furnisher of information to a consumer reporting agency: (1) investigate disputed information upon receiving notification of the dispute from the consumer reporting agency; (2) review all relevant information provided by the consumer reporting agency; (3) report the results of the investigation to the consumer reporting agency; (4) if the investigation finds that the information is inaccurate, report those results to all other consumer reporting agencies to which the information was provided; and (5) if the information is inaccurate or cannot be verified, modify, delete, or permanently block the reporting of the information. 15 U.S.C. § 1681s-2(b)(1).

The First Amended Complaint alleges that "Plaintiff notified Experian that he disputed the accuracy of the information Experian was reporting, on or around April 6, 2017, specifically stating in a letter and providing evidence that this debt was paid and should reflect a zero balance." (Am. Compl. ¶ 12.) Although Aknin does not identify the account, presumably the account was with Bright Star, as the next paragraph alleges that upon being notified that the account was disputed, "Bright Star Credit Union failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff . . . ." (*Id.* ¶ 13.) The remaining allegations against Bright Star simply recite the language of the statutory provisions described above. (*Id.* ¶¶ 34, 43-44.) Indeed, in his response to the motion to dismiss, Aknin sets forth the elements required to state a

claim under § 1681s-2, along with quotations from the First Amended Complaint that Aknin contends satisfy each element. (Resp. 5-6, ECF No. 25.) The quotes from the First Amended Complaint simply parrot the language of each required element. (*See id.*) However, as Aknin himself acknowledges, "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (internal citations omitted).

Aknin's allegations do not contain sufficient factual content to raise Aknin's right to relief above the speculative level. *See id.* For example, although Aknin generally alleges that Bright Star failed to review all relevant information regarding the disputed account, he does not identify any information that Bright Star failed to review. (Am. Compl. ¶¶ 34, 44.) Therefore, Aknin has failed to state a plausible claim to relief. *See Smith v. Bank of America Home Loans*, 968 F.Supp.2d 1159, 1166-67 (M.D. Fla. 2013) (dismissing FCRA claim because plaintiff merely alleged that defendant failed to conduct a reasonable investigation, but did not explain how the investigation failed to meet the requirements of the statute); *Green v. Chase Bankcard Serv.'s, Inc.*, No. 8:16-cv-3252-T-33AAS, 2017 WL 1135314, at *3 (M.D. Fla. Mar. 25, 2017) (holding that the plaintiff failed to state a claim under the FCRA because the plaintiff alleged in "conclusory fashion" that the defendant failed to conduct a reasonable investigation).

### 4. Conclusion

Accordingly, the Court **grants** Bright Star's Motion to Dismiss Amended Complaint (**ECF No. 23**). Counts Three and Four of the First Amended Complaint are **dismissed without prejudice**. The Court grants Aknin leave to amend Counts Three and Four in order to correct the deficiencies identified above. An amended complaint must be filed on or before **November 28, 2017**.

The Court reminds *both* parties that they must comply with the requirements of Federal Rule of Civil Procedure 11(b), which states, in relevant part, that by presenting a pleading, written motion, or other paper to the Court, the attorney certifies that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that "the claims, defenses, and other legal contentions are warranted by existing law . . . ."

**Done and ordered** at Miami, Florida on November 14, 2017.

Robert N. Scola, Jr.
United States District Judge